FILED
NOV 0 3 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
   DEPUTY CLERK

1 | ADRIENNE BRIDGES
2 | 3600 BUHLAR WAY
    NORTH HIGHLANDS, CA 95660
3 | (912) 707-2187

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

**ADRIENNE BRIDGES**,

   **Plaintiff**,

vs.

**STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS AND REHABILITATION, DOES 1-20**,

   **Defendants**,

Case No.: 2:20 CV 2207 KJM JDP PS

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

**JURY TRIAL REQUESTED**

## I.   PARTIES TO THIS COMPLAINT

A. PLAINTIFF:

   ADRIENNE BRIDGES
   3600 BUHLAR WAY
   NORTH HIGHLANDS, CA  95660
   SACRAMENTO COUNTY
   (912) 707-2187
   Email Address:

B. DEFENDANTS:

   STATE OF CALIFORNIA
   ATTORNEY GENERAL
   1102 Q STREET
   SACRAMENTO, CA  95811
   SACRAMENTO COUNTY
   (916) 319-8220

COMPLAINT FOR EMPLOYMENT DISCRIMINATIONJURY TRIAL REQUESTED - 1

DEPARTMENT OF CORRECTIONS AND REHABILITATION
1600 CALIFORNIA DRIVE
VACAVILLE, CA 95687
SOLANO COUNTY
PHONE: (707) 448-6841

C. **Place of Employment:** I am employed by the State of California and my place of employment is CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, located at 1600 California Drive, Vacaville, California 95687, County of Solano. Telephone number: (707) 448-6841

## II.   BASIS FOR JURISDICTION

1. This action is brought for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as codified 42 U.S. C. §§ 2000e to 2000e-17 due to race, color, gender, religion, national origin, and disability. I have obtained a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission which is attached to this Complaint (See Exhibit #1)

2. California Government Code §12923(b) *"That a single incident of harassing conduct may be enough to show hostile work environment."* A hostile work environment is defined as inappropriate behavior in the workplace that is either sever or pervasive enough to create an abusive work atmosphere for one or more employees. This form of workplace harassment is prohibited under the Fair Employment and Housing Act.

3. Retaliation occurs when an employer or employment agency takes adverse action against an employee for participating in a protected activity. Retaliation in the workplace Labor Code § 96(k), this law protects employer with demotion, suspension, or discharge from employment because the employee recognized his or her constitutional rights away from the employee's premises and during non-working hours.

COMPLAINT FOR EMPLOYMENT DISCRIMINATIONJURY TRIAL REQUESTED - 2

Labor Code § 230(a) This law protects an employer from retaliating against an employee who takes time off to serve on a jury duty after giving reasonable notice.

### III. STATEMENT OF CLAIM

A. The discriminatory conduct of which I complain in this action includes, unequal terms conditions of my employment, retaliation, and hostile work environment.

B. It is my recollection that the alleged discriminatory acts occurred against me from the date of October 2018 and has continued through November 2019.

C. I believe the Defendants are still committing these acts against me. My hostile work environment has not changed.

D. The Defendants discriminated against me based on my race.

E. **The facts of my case are as follows**:

I started working for the California Department of Corrections and Rehabilitation in July 2015 as a Recreation Therapist and within two (2) weeks after I was hired, I experienced discrimination because of my race. Throughout my employment I have experienced hostile and aggressive behavior from my Supervisor, Maddie Pate (hereinafter My Supervisor). She has inappropriately berated me for policies and rules she is supposed to provide me as supervisor for issues associated with my training so that I can do my job more efficiently. Such as on or about June 04, 2019 my Supervisor entered my office in an aggressive manner and yelled at me, she thought I was the only individual in the room. When she noticed there were other employees in the room, she immediately changed her aggressive behavior. The issue is that she does not speak with any of the other employees in such a manner. On or about June 7, 2019, I received an Employee Counseling Record from my Supervisor, as a result, I was given additional work and threatened with an AWOL if I did not comply with the change in my work schedule. I was given

no options to her request, even though I complained to her Supervisor that the additional work was unfair, they refused to give me time to complete the tasks. I am aware of other Recreation Therapist outside my protected classes who have received Employee Counseling Records but have not been assigned additional work. I believe that my Supervisor assigned me additional work because of my race and that I complained about her actions and behavior toward me. Because of the stress, I went out on leave due to a work-related injury. During my leave, I regularly updated my Supervisor regarding my status and the reason for my absences, in accordance with the department's procedures. On about September 3, 2019, my Supervisor contacted me and informed me that I was receiving an AWOL. I informed my Supervisor that I had been complying with the Department's procedures, she did not remove the AWOL from my employee record.

On or about September 25, 2020, during my annual evaluation, my Supervisor recommended that I do not receive my annual merit raise. I was the only employee that she supervised where she took this action. I asked around and was told this was not a regular practice of the Department to deny a merit raise for an acceptable evaluation. My supervisor also stopped me from getting my educational reimbursement, however, after I showed her information from the Department Specialist and her subsequent conversation with headquarters, my Supervisor reluctantly signed my educational reimbursement voucher. But she gave me an unwarranted warning, she was incredibly angry because she had to sign my reimbursement voucher. When I asked for her assistance to complete my workers' compensation or administrative leave documents (from incident I was taken to ER via ambulance), my Supervisor said I did not have to fill out any workers' compensation documents. My Supervisor knows the rules and if I sustained an injury on the job, my employer had a certain timeframe to provide me with the

COMPLAINT FOR EMPLOYMENT DISCRIMINATIONJURY TRIAL REQUESTED - 4

workers' compensation documents to be completed and returned to workers' compensation. She purposely tried to prevent me from getting administrative leave, of which I was allowed to use. She has not done these sorts of hostile acts to any other employees.

I believe I have been discriminated against because of my race (Black/African American). The actions of my Supervisor have also created a hostile, unpleasant and punitive work environment for me, jeopardizing my health and my work performance.

The Retaliation started after an on-site EEO complaint by me which was a 14 page complaint with co-workers, speaking up at a meeting with supervisors and union representatives and after my return from a work-related injury, my supervisor's hostility toward me became more aggressive.

(a) She denied my yearly merit raise (until I learned to respect my Supervisor)

(b) The supervisor threatened me with an AWOL in 2018 and I was given Letter of Instruction AWOL in 2019. I was written up by my Supervisor and the Chief of Mental Health supported her but the write up included false information. An Adverse action was put into my permanent employee file.

(c) My Supervisor did not adhere to the restrictions from my doctor for a work-related injury. My Supervisor was supposed to reduce my workload to give my neck strain time to heal, she did not decrease my workload.

(d) Denied my reimbursement for Certification Maintenance, she refused to sign.

(e) Denied cancellation of day off told me I could not come in take whole day off

(f) Forced me to do a time study after coming back off a work injury

(g) Write ups with extra tasks like calling in to her personal line an hour before my shift.

(h) Speaking about me to my peers at meetings when I am not in attendance.

COMPLAINT FOR EMPLOYMENT DISCRIMINATIONJURY TRIAL REQUESTED - 5

(i) Speaking about me to people in other departments about me when I am not in attendance.

(j) Doubling up my workload, when there were other employees who could have taken the groups, she assigned me.

(k) Refusing to ride in the Ambulance with me to the hospital. My Supervisor or a supervisor was supposed to ride with me to the hospital

**Hostile Work Environment/Harassment**:

(l) I was written up by my Supervisor and her Supervisor for jury duty.

(m) I was written up by my Supervisor and her Supervisor for using my FMLA

(n) I was written up by my Supervisor and Chief of Mental Health with an AWOL Letter of Instruction using false information to make it stick. Stated I called in days before which was not correct.

(o) I ended up going to ER because of stress and anxiety over constant threats from my Supervisor. The doctor stated my stress and anxiety was work-related. All other blood tests, echocardiogram and scans proved I was in good physical health.

(p) For three (3) years I was unable to take my two 15-minute breaks.

### IV. EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

A. I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the Defendant's alleged discriminatory conduct on October 17, 2019.

B. The Equal Opportunity Commission has issued a Notice of Right to Sue letter, which I received on September 03, 2020. See Exhibit #2

COMPLAINT FOR EMPLOYMENT DISCRIMINATIONJURY TRIAL REQUESTED - 6

## V.  RELIEF

I am requesting damages for discrimination against me based on my race and for retaliation and for creating a hostile work environment where I was not able to perform my job duties without suffering stress and anxiety. I am requesting damages in the amount of $100,000. I am requesting the thirty (30) minutes per daybreak time which I was denied being reimbursed for a period of two (2) years, actual amount to be determined. I am requesting, reimbursement for thirty (30) days I was on corrective action plan which was given to me based on false information. I had to call in each day one (1) hour before my shift for the entire thirty days, that will compute to twenty (20) hours of overtime, actual amount to be determined. I am requesting payment for not paying me for the time I worked extra hours, actual amount to be determined. Pursuant to California Civil Code § 3294 I am requesting punitive damages in the amount of $500,000, based on the fact that the Defendants intentional adverse actions against me were oppressive and were done
with malice causing an unhealthy, hostile work environment.

## VI.  CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedures 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

COMPLAINT FOR EMPLOYMENT DISCRIMINATIONJURY TRIAL REQUESTED - 7

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in dismissal of my case.

Dated: Nov 2, 2020.

                                    *A Bridges*
                                    ADRIENNE BRIDGES, Plaintiff

COMPLAINT FOR EMPLOYMENT DISCRIMINATIONJURY TRIAL REQUESTED - 8

# EXHIBIT #1

COMPLAINT FOR EMPLOYMENT DISCRIMINATIONJURY TRIAL REQUESTED - 9

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>555-2019-01459 |
|---|---|---|

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Ms. Adrienne Bridges | (916) 613-5805 | |

Street Address: 3600 Buhler way, NORTH HIGHLANDS, CA 95660

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| CA DEPT OF CORRECTIONS AND REHABILITATION | 501+ | (707) 448-6841 |

Street Address: 1600 California Drive, California Medical Facility, VACAVILLE, CA 95687

DISCRIMINATION BASED ON (Check appropriate box(es).)
☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 05-15-2019   Latest: 09-03-2019
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent in or around July 2016 as a Recreation Therapist. I am performing my job duties satisfactorily. My immediate supervisor is Maddie Pate, Program Assistant and Recreation Therapist Supervisor.

Throughout the course of my employment with Respondent, my supervisor, Maddie Pate, has subjected me to aggressive behavior. On or about May 15, 2019, I returned from FMLA and my supervisor berated me for changes in the schedule that were associated with a training I was supposed to attend. On or about June 4, 2019, Pate entered the office in an aggressive manner and yelled at me when she thought that I was the only individual in the room; however, when she noticed my coworkers, she changed her tone of voice. I believe that Pate acts more aggressive toward me because of my race.

On or about June 7, 2019, I received an Employee Counseling Record from Pate, and as a result, I was tasked with additional work and threatened with an AWOL if I did not comply. I complained that the additional work was unfair; however, Respondent did not take action to address my complaints. I am

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Digitally signed by Adrienne Bridges on 10-17-2019 12:20 PM EDT | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 555-2019-01459 |
| California Department Of Fair Employment & Housing | | and EEOC |
| *State or local Agency, if any* | | |

aware of similarly situated Recreation Therapists outside of my protected classes who have received Employee Counseling Records but have not been assigned additional work. I believe that I was assigned additional work because of my race and because I complained about my supervisors behavior.

I subsequently went out on leave due to a work-related injury. During my leave, I have been regularly updating Respondent regarding my status and absences, in accordance with its procedures. However, on or about September 3, 2019, Pate contacted me and informed me that I was receiving an AWOL because I had not reported that I would be out. I informed Pate that I had in fact been complying with Respondents procedures. Respondent has not taken action to remove the AWOL from my record. On or around Sept 25th during my annual evaluation Pate gave me a write up where she recommended that I not receive my annual merit raise. She has not done this with anyone else and everyone I asked said that is not policy. She stopped me from getting my educational reimbursement, but after I showed her information from the specialist and her conversation with headquarters, she reluctantly signed it, while giving me a warning (which made her mad). She would not assist me with the paperwork for worker's comp or administrative leave (when I went out to ER via ambulance) and emailed me and told me that I do not have any paperwork to fill out. Pate tried to prevent me from getting sick leave, of which I had hours to use. She has not done any of this to anyone but me.

I believe I have been discriminated against because of my race (Black/African American), in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe I have been retaliated against for engaging in protected activity, in violation of the statute.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Adrienne Bridges on 10-17-2019 12:20 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

# EXHIBIT #2

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Adrienne Bridges<br>3600 Buhler way<br>North Highlands, CA 95660 | From: | Oakland Local Office<br>1301 Clay Street<br>Ste. 680-North<br>Oakland, CA 94612 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 555-2019-01459 | Sarah Lamm,<br>Investigator | (510) 956-0013 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**Dana C. Johnson**
Digitally signed by Dana C. Johnson
DN: cn=Dana C. Johnson, o=EEOC, ou=Enforcement,
email=dana.johnson@eeoc.gov, c=US
Date: 2020.08.03 15:05:03 -07'00'

| Enclosures(s) | For Steven T. Hunt,<br>Director | *(Date Mailed)* |
|---|---|---|

cc: **Khanh Nguyen**
**Program Manager**
**CA DEPT OF CORRECTIONS AND REHABILITATION**
10111 Old Placerville Road, Ste. 200
Sacramento, CA 95827

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*