UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE BRIDGES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS,<br><br>　　　　Defendant. | Case No. 2:20-cv-02207-KJM-JDP (PS)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) NOTIFY THE COURT THAT SHE WILL PROCEED ONLY AGAINST THE STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND WILL VOLUNTARILY DISMISS OTHER DEFENDANTS;<br><br>(2) FILE AN AMENDED COMPLAINT; OR<br><br>(3) NOTIFY THE COURT THAT SHE WISHES TO STAND BY HER INITIAL COMPLAINT, SUBJECT TO DISMISSAL OF DEFENDANTS SPECIFIED IN THIS ORDER<br><br>SIXTY-DAY DEADLINE<br><br>ECF No. 1<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2 |

　　　　Plaintiff seeks authority under 28 U.S.C. § 1915 to proceed *in forma pauperis* and has submitted the affidavit required thereunder, showing that she is unable either to prepay fees and costs or to give security for them. ECF No. 2. The court will therefore grant plaintiff's motion to proceed *in forma pauperis*. However, for the reasons explained below, the court will not yet

direct a United States Marshal to serve the defendant. *See* Fed. R. Civ. P. 4(c)(3).

As required by 28 U.S.C. § 1915(e)(2), the court has screened plaintiff's complaint to ensure that it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive screening, plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the court reasonably to infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678. The court must construe liberally a pro se litigant's complaint. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Still, the court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

Plaintiff is a Black woman employed as recreation therapist by the State of California Department of Corrections and Rehabilitation. ECF No. 1 at 5, 10. She alleges that her employer discriminated against her because of her race, in violation of Title VII of the Civil Rights Act of 1964, as codified by 42 U.S.C. §§ 2000e-2000e-17. *Id*. at 2. Plaintiff alleges that her employer—motivated by racial animus—placed an adverse notation in her employment record, assigned more work to her than to her peers, denied her an annual merit raise, denied her an educational reimbursement, spoke poorly about her to her peers, and took several other adverse employment actions. *See id.* at 3-6. Plaintiff alleges that these discriminatory acts occurred between October 2018 and November 2019. *Id.* at 3. On October 17, 2019, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at 6. On September 3, 2020, she received from the EEOC notice that her case had been closed and a Notice of Right to Sue. *Id.* at 6, 13-14. Plaintiff timely filed suit in federal court on November 3, 2020. *Id.* at 1.

Accepting plaintiff's allegations as true, her complaint sufficiently states a Title VII claim against the California Department of Corrections and Rehabilitation for unlawful employment discrimination based on race. However, in her complaint, plaintiff has also listed the California Attorney General as a party. *Id.* at 1. Plaintiff has made no factual claims against either the Attorney General or any of its agents. Therefore, plaintiff has not stated a claim against the Attorney General of California. Relatedly, in the caption of her complaint, plaintiff lists "Does 1-

20" as defendants, but thereafter does not describe any specific actions taken by unnamed parties; indeed the body of her complaint makes no mention of any "Doe." Therefore, plaintiff has not stated a claim against "Does 1-20." Since plaintiff's complaint does not state a cognizable legal claim against "Does 1-20" or the Attorney General, plaintiff may either proceed only with her claim against the Department of Corrections and Rehabilitation, or she may delay serving any defendant and file an amended complaint.

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must specify the actions of each defendant that led to a violation of plaintiff's rights, *see Iqbal*, 556 U.S. at 678. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (internal quotations omitted). Plaintiff must allege that each defendant personally participated in the deprivation of her rights. She should describe any harm she suffered from the violation of her rights.

Any amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and must be complete on its face without reference to the prior pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

In accordance with the above, it is hereby ordered that:

1. plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is granted;

2. plaintiff's complaint, ECF No. 1, states a viable Title VII claim against defendant State of California Department of Corrections and Rehabilitation;

3. within sixty days, plaintiff shall return the notice below advising whether she elects to: (1) proceed with her Title VII claim against the Department of Corrections and Rehabilitation and voluntarily dismiss all other defendants; (2) file an amended complaint; or (3) stand by her complaint and decline to voluntarily dismiss all defendants except for the Department of

3

Corrections and Rehabilitation; and

    4. failure to comply with any part of this order may result in dismissal of this case.

IT IS SO ORDERED.

Dated:   June 17, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| ADRIENNE BRIDGES,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS,<br><br>        Defendant. | Case No. 2:20-cv-02207-KJM-JDP (PS)<br><br>NOTICE OF ELECTION |

In accordance with the court's Screening Order, plaintiff hereby elects to:

    (1) _____ proceed only with her Title VII claims against defendant State of California Department of Corrections and Rehabilitation. Selecting this option obligates plaintiff voluntarily to dismiss the other defendants;

    (2) _____ delay serving any defendant and file an amended complaint;

OR

    (3) _____ proceed with her Title VII claim against defendant State of California Department of Corrections and Rehabilitation, stand by her complaint, and not voluntarily dismiss her other claims. If plaintiff selects this option, I will recommend dismissal of the other, non-cognizable claims and plaintiff will have 14 days to file her objections.

_____

Plaintiff

Dated: