UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE BRIDGES,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:20-cv-02207-DAD-JDP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE PRE-TRIAL CONFERENCE<br><br>(Doc. No. 65) |

This matter is before the court on plaintiff's motion to continue the final pretrial conference currently set for October 27, 2025, at 1:30 p.m. (Doc. No. 65.) On September 15, 2025, the court held a final pretrial conference. (Doc. No. 63.) At that conference, the court addressed the parties' failure to comply with the court's orders by failing to file a joint pretrial statement. (Doc. Nos. 31 at 5; 63.) Accordingly, the court continued the final pretrial conference to October 27, 2025 and ordered the parties to file a joint pretrial statement no later than October 25, 2025. (Doc. No. 63.) On October 17, 2025, the court advanced the deadline by which the parties were required to file a joint pretrial statement to October 23, 2025. (Doc. No. 64.) On October 23, 2025, the parties again failed to file a joint pretrial statement. Moreover, the parties failed to even file separate pretrial statements. Instead, on October 23, 2025, plaintiff filed a motion to continue the final pretrial conference on the grounds that defense counsel had

/////

1

1  represented to plaintiff's counsel on September 26, 2025, that he was commencing a trial on
2  September 29, 2025, that was expected to last until October 20, 2025, but then advised on
3  October 13, 2025 that he would be in trial through the end of the month and that the final pretrial
4  conference in this case should be "pushed back." (Doc. No. 65 at 2.)

5      Since August 9, 2024, the parties have repeatedly sought the continuance of final pretrial
6  conference and jury trial deadlines in this action. (Doc. Nos. 49, 52, 54, 57.) On April 29, 2025,
7  the court granted the April 18, 2025 stipulation of the parties to continue the final pretrial
8  conference and jury trial dates, but stated that "[n]o further continuances shall be granted absent a
9  compelling showing of good cause." (Doc. No. 59.)

10      "The decision to modify a scheduling order is within the broad discretion of the district
11  court." *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1030 (E.D. Cal. 2002). Pursuant to Rule
12  16 of the Federal Rules of Civil Procedure, a case "schedule may be modified only for good cause
13  and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, when a party seeks to modify the
14  scheduling order, that party must first show "good cause." *See Zivkovic v. S. Cal. Edison Co.,*
15  302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608
16  (9th Cir. 1992). In *Johnson*, the Ninth Circuit explained that

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

23  975 F.2d at 609 (internal quotation marks and citations omitted); *see also* 6A Wright & Miller, et
24  al., Fed. Prac. & Proc. § 1522.2 (3d ed. 2018) ("What constitutes good cause sufficient to justify
25  the modification of a scheduling order necessarily varies with the circumstances of each case.").

26      Plaintiff has not made a compelling showing of good cause to merit the continuance of
27  the final pretrial conference. Plaintiff argues that he was diligent by remaining in contact with
28  defense counsel regarding defense counsel's trial schedule and had sent him a draft stipulation to

1  continue the final pretrial conference.  (Doc. No. 65 at 3.)  However, the emails provided by
2  plaintiff in support of this motion indicate that, on October 13, 2025, defense counsel represented
3  that his trial may continue "through the end of October."  (Doc. No. 65-1 at 9.)  Despite this
4  representation, plaintiff failed to file a stipulation or motion to request a continuance until
5  October 23, 2025, the deadline by which the parties were required to file a joint pretrial statement.
6  (Doc. No. 65.)  Moreover, plaintiff did not file a separate pretrial statement or provide any
7  correspondence that would indicate that either party even attempted to draft a joint pretrial
8  statement.

9        In short, counsel for both plaintiff  and defendant have repeatedly treated this court's
10 specific orders as mere suggestions that they can choose to ignore.  This will not be tolerated. In
11 light of both parties' prior failure to comply with this court's orders, this constitutes a lack of
12 diligence.  The court therefore concludes that plaintiff has not shown good cause to amend the
13 scheduling order and continue the final pretrial conference, much less the compelling showing of
14 good cause that the court indicated it would require.

15       For the reasons above,

16       1.    The court DENIES plaintiff's motion to continue the final pretrial conference
17             currently set for October 27, 2025 (Doc. No. 65);
18       2.    In light of the parties' failure to file a joint pretrial statement, the court will not
19             issue a tentative pretrial order at this time;
20       3.    The parties are directed to SHOW CAUSE at the October 27, 2025 hearing why
21             sanctions should not issue against both counsel for repeated failure to comply with
22             this court's orders; and
23 /////
24 /////
25 /////
26 /////
27 /////
28 /////

4. In the event that defense counsel, Deputy Attorney General William J. McMahon, is unavailable for the October 27, 2025 hearing at 1:30 p.m. because he is in trial, defense counsel is DIRECTED to have a supervising deputy attorney general appear in his stead at the scheduled hearing.

IT IS SO ORDERED.

Dated:   **October 24, 2025**                    /s/ Dale A. Drozd
                                            DALE A. DROZD
                                            UNITED STATES DISTRICT JUDGE

4